Maria Teresa LOPEZ VILLEGAS, Petitioner,

v.

Michael B. MUKASEY, Attorney General, Respondent.

No. 06–74565.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 8, 2008 *.

Filed Sept. 12, 2008.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

John Wolfgang Gehart, Russell M. Jauregui, Esquire, Carlos Vellanoweth, Esquire, Elena Yampolsky, Esquire, Vellanoweth & Gehart, LLP, Los Angeles, CA, for Petitioner.

Kurt B. Larson, Esquire, OIL, DOJ—U.S. Department of Justice, Washington, DC, CAC–District Counsel, Esquire, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: TASHIMA, SILVERMAN and N.R. SMITH, Circuit Judges.

## MEMORANDUM **

Maria Teresa Lopez Villegas, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order denying her motion to reopen removal proceedings. Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo claims of constitutional violations in immigration proceedings. *Ram v. INS*, 243 F.3d 510, 516 (9th Cir.2001). We dismiss in part and deny in part the petition for review.

The evidence Lopez Villegas presented with her motion to reopen concerned the same basic hardship grounds as her application for cancellation of removal. *See Fernandez v. Gonzales*, 439 F.3d 592, 602–03 (9th Cir.2006). We therefore lack jurisdiction to review the BIA's discretionary determination that the evidence was insufficient to establish a prima facie case of hardship. *See id.* at 601 (there is no juris-

diction where "the BIA determines that a motion to reopen proceedings in which there has already been an unreviewable discretionary determination concerning a statutory prerequisite to relief does not make out a prima facie case for that relief").

Our conclusion that we lack jurisdiction to review the BIA's determination that Lopez Villegas did not make out a prima facie case of hardship forecloses her argument that the BIA denied her due process by failing adequately to explain its reasons and address the entirety of the evidence she submitted. *See id.* at 603–04.

Contrary to Lopez Villegas contention, the BIA's interpretation of the hardship standard falls within the broad range authorized by the statute. *See Ramirez–Perez v. Ashcroft*, 336 F.3d 1001, 1004 (9th Cir.2003).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.